Dr. Wilber R. **WHITSELL** and Jon
Whitsell, Plaintiffs,

v.

The **PAMPA INDEPENDENT SCHOOL
DISTRICT**, the Board of Trustees of
the Pampa Independent School District,
Jimmy Thompson, President, Superin-
tendent of Pampa Independent School
District, James F. Malone, Principal of
Pampa High School, Cameron Marsh,
and Assistant Principal of Pampa High
School, Marvin Bowman, Defendants.

Civ. A. No. 2–908.

United States District Court,
N. D. Texas,
Amarillo Division.

Sept. 8, 1970.

Buzzard & Comer, Ross N. Buzzard,
Pampa, Tex., for plaintiffs.

Lane & Douglass, Don R. Lane, Pam-
pa, Tex., for defendants.

## MEMORANDUM OPINION AND JUDGMENT

WOODWARD, District Judge.

Jon Whitsell, a minor student in Pam-
pa High School, brings this action
through his Father and next friend,
against the Pampa Independent School
District, its Board of Trustees, Superin-
tendent and the Principal and Assistant
Principal of the Pampa High School,
seeking injunctive relief.

A hearing was held on September 4,
1970 as to the issuance of a temporary
restraining order, and although no an-

swer was due or had been filed by the Defendants, the Defendants, their representatives and attorney appeared and testified. Each of the Plaintiffs also appeared with their attorney and offered evidence in support of their complaint. At the close of the evidence the parties agreed before the Court that there was no need for additional hearings or presentation of additional evidence by either party in order for the Court to decide on all prayers for injunctive relief.

This opinion will constitute the Court's Findings of Fact and Conclusions of Law in support of the judgment herein entered.

Jon Whitsell enrolled this fall in Pampa [Senior] High School and had been previously enrolled in this school with a scholastic average of 88 and, in the opinion of Defendants' witnesses, was a very good student with no record of any serious disciplinary problems. Jon's hair is lengthy—over the ears and collar, long and would fall over his eyes unless it was brushed back. In previous years the length of his hair had been questioned on at least one occasion and after conferences between him, his parents and school officials the matter had been satisfactorily, though temporarily, solved.

In the current school year, 1970–'71, Jon again enrolled with his hair in the lengthy condition above described. On Monday, August 31, 1970, the Principal advised him that his hair style did not meet school rules and regulations and that he should either get it cut or bring his parents back that afternoon for a conference. He left school and has not returned. Although he was not formally expelled, Defendants concede that he would not be re-admitted until his hair style met the school's rules and regulations.

Plaintiffs bring this action to re-admit Jon to the school, without sanctions, claiming a violation of the student's rights under the First, Third, Fourth, Fifth, Ninth and Fourteenth Amendment to the Constitution of The United States.

Until the commencement of the Spring Semester in 1970 the school system at Pampa had a dress code regulation (which had been in effect for five or six years), but due to some opposition from students and others it was repealed and not enforced for the Spring Semester.

An administrator for the school system testified that there was a noticeable increase in disruption and disciplinary problems from the students in this particular spring semester. He cited such things as increased jostling and scuffling in the halls, firecrackers in lockers, destruction of bathroom equipment and increased absenteeism. It was his opinion and testimony that this increased lack of discipline and breakdown in proper behavior was directly related to and caused by the lack of an effective regulation as to a proper dress code for the students including a regulation of hair style. He cited instances of undershirts being worn to school and also a number (although a decided minority) of boys wearing "long" hair styles. His opinion was based on his long years of experience as a school administrator and from his observations during that semester. There was no evidence to the contrary, although the opinion was disputed by the father as to its validity. However, he had not been a personal observer of any of the facts about which the Defendants' administrative officer testified.

There is no claim that Jon Whitsell was personally involved in any such acts of misconduct. Further, Dr. Whitsell testified that as far as he knew the rule under attack had been applied this Fall to all students alike—but that his son was unwilling to comply with the rule because of his belief that his Constitutional rights were wrongfully taken from him in the enforcement of the rule.

The regulation in question was adopted by the Board of Trustees early last summer and the school system operated without any untoward incident growing out of the regulation during the 1970 summer session. The complete rule is attached hereto as Appendix A. It is a

general School Dress Code but the particular section which Jon Whitsell is alleged to have violated and the part that he attacks reads as follows:

"Boys are required to keep their hair cut so it will not protrude over their eyes, ears or shirt collar and should be kept neatly combed at all times."

This entire rule has been distributed to the student body.

It is without question that Jon Whitesell's hair style violates a substantial part of this portion of the rule, and it is for this violation that Jon has been effectively—although not formally—expelled.

The Code was adopted by the Board of Trustees after the question had been studied by the school's administrative and teaching staff; and after students were invited to express their views, with approximately fifty students participating to some extent.

There is no basis or evidence upon which this Court could enter a finding that there was any discrimination in applying the regulation against the minor plaintiff. The facts indicate that the rule was applied to all students equally, without discrimination, and in a fair and reasonable manner. He was guilty of a violation of a school rule and regulation and the question is the validity of Defendants' School Dress Code. If valid, Defendants could enforce it and punish its violation by expulsion of the violator from school.

It should be kept in mind that the rule is applicable to minor students of high school age which presents a different factual situation than would exist in the case of more mature college or university students. Conduct which would effect discipline in secondary schools might go unnoticed and be of little or no influence with older students.

■ Rules and regulations cannot be promulgated by a School Board of Trustees just for the sake of having a rule, but where there is need for reasonable regulation to promote discipline, de-

corum and the educational needs of the students such rules are desirous as part of the education of each student. A free society can exist only if its members are subject to proper laws and regulations, and school rules and regulations, when needed and reasonably enforced, are useful in preparing a student for his role in such a free society.

But it cannot be said that high school students do not have Constitutional rights or that school officials may, without restriction, infringe upon those rights. Each case must be decided upon its own particular facts and circumstances. Ferrell v. Dallas Independent School District, 392 F.2d 697, 702 (5th Cir.1968).

If the facts and circumstances of a particular case show that there exists a valid and overriding governmental interest the student's Constitutional rights must become subordinate to such interests. But always the Courts must be concerned with the protection and preservation of individual rights and only after careful consideration should such rights be restricted in any way.

■ The wearing of long hair—such as that worn by Jon Whitsell in this case—is a right protected to him by the Constitution. Breen v. Kahl, 419 F.2d 1034 (7th Cir.1969).

The education of children is also a cherished and historical function of government and the state has a valid and genuine interest in its educational system and procedures:

"The predominant interest of a school is to educate its students. If a particular type of conduct has the effect of disrupting the learning atmosphere, it should be subject to regulation." Davis v. Firment, 408 F.2d 1085 (5th Cir.1969); also Griffin v. Tatum, 425 F.2d 201 (5th Cir.1970), Ferrell v. Dallas Indep. School Dist. 392 F.2d 697 (5th Cir.1968).

In Wood v. Alamo Heights Indep. School Dist., 308 F.Supp. 551 (W.D.Tex., 1970) the District Court found that a reasonable connection existed between certain

disruptive conduct and the violation of a rule similar to that in this case, stating that when a reasonable connection is shown, the Courts should uphold any reasonable rule where there is a rational basis for same.

This Court is of the opinion that the facts in this case fall within the framework of those cases which have denied injunctive relief to the student.

The rule in the instant case was adopted only after careful investigation and study, and there was nothing arbitrary or capricious in the acts of any of the Defendants in connection with its adoption.

A nexus exists between the disruptive influences of last spring and the failure to have a rule which properly regulated the dress—including hair styles—of the students. This experience properly led the Defendants to the conclusion that such a rule was necessary to educate its students, to efficiently operate its school system, and to promote discipline. On the other hand, they were given every reason to believe, based on this experience, that the lack of such a rule or lack of its enforcement would lead to further disruption, disturbance and interference with their primary purpose of educating students.

■ The state, through the local school board and its officials, has such a vital interest in providing an educational system free of such interference and disruptions that its interest overrides the rights of the individual under the Constitution. Absent a strong showing of disruption or interference with the educational process or with the rights of other students, such a regulation would not be permitted to stand.

■ The facts, as they exist in this case, show the necessary connection between the misconduct and disciplinary problems and the lack of a properly enforced dress code—including the prohibition of long hair in the manner worn by Plaintiff. The rule is reasonable and it was adopted in a reasonable and proper manner, and its enforcement by the Defendant school authorities has been reasonable.

The concern which the Defendants have given to this particular problem in the past indicates to this Court that the rule in question would be modified or changed should it develop that long hair or other violations of the code no longer led to or caused disruptive acts such as would materially interfere with the ordinary educational processes.

As indicated to the Court by the respective attorneys, no further hearing is necessary or needed to develop fully the material facts.

It is therefore ordered and decreed that all relief for which Plaintiffs have prayed is denied and their Complaint is dismissed.

This is a final order.

The Clerk will furnish a copy hereof to all attorneys.

## APPENDIX A

419 School Dress Code

The student body of Pampa Independent School District should dress and be groomed in an appropriate manner. This will give our school an excellent appearance to ourseves and others who may visit us at various times. We will have the kind of pride that will carry over into other areas of school work. Boys are required to keep their hair cut so it will not protrude over their eyes, ears, or shirt collar and should be kept neatly combed at all times. They should be clean shaven without excessive sideburns. Boys' clothing should be neat and clean with long shirt tails worn inside the pants. Wearing of exposed undershirts, shorts, pajamas, etc., will not be allowed. Shoes and socks are to be worn while at school. Girls will be required to wear longer skirts or dresses if their appearance is having an adverse effect on proper school discipline. A girl may not wear shorts, slacks, jeans or bare midriffs to school. Shoes must be worn by girls while attending school.

Students may be sent home from school for violation of any of the regulations connected with this Dress and Grooming Code. A student will not be re-admitted until a parent conference is held with the principal or the assistant principal.

pb: 8:70