# KARR *v.* SCHMIDT, PRINCIPAL OF CORONADO HIGH SCHOOL, ET AL.

Decided February 11, 1971

See: 320 F. Supp. 728.

MR. JUSTICE BLACK, Circuit Justice.

This "Emergency Motion to Vacate Stay of Injunction Pending Appeal" has been presented to me as the Supreme Court Justice assigned to the Court of Appeals for the Fifth Circuit. The motion concerns rules adopted by the school authorities of El Paso, Texas, providing that schoolboys' hair must not "hang over the ears or the top of the collar of a standard dress shirt and must not obstruct vision." The rules also provide that boys will not be admitted to or allowed to remain in school unless their hair meets this standard. The United States District Court for the Western District of Texas, El Paso Division, held after hearings that this local student hair length rule violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and enjoined its enforcement, declining to suspend its injunction pending appeal. On motion of the school authorities, the Court of Appeals for the Fifth Circuit stayed and suspended the District Court's

injunction and the student appellees have asked me to vacate the Court of Appeals' stay of the injunction. Should I vacate the stay the El Paso school authorities would remain subject to the District Court's injunction and would thereby be forbidden to enforce their local rule requiring public school students not to wear hair hanging over their collars or obstructing their vision.

I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. And I cannot now predict this Court will hold that the more or less vague terms of either the Due Process or Equal Protection Clause have robbed the States of their traditionally recognized power to run their school systems in accordance with their own best judgment as to the appropriate length of hair for students.

The motion in this case is presented to me in a record of more than 50 pages, not counting a number of exhibits. The words used throughout the record such as "Emergency Motion" and "harassment" and "irreparable damages" are calculated to leave the impression that this case over the length of hair has created or is about to create a great national "crisis." I confess my inability to understand how anyone would thus classify this hair length case. The only thing about it that borders on

the serious to me is the idea that anyone should think the Federal Constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear. The records of the federal courts, including ours, show a heavy burden of litigation in connection with cases of great importance—the kind of litigation our courts must be able to handle if they are to perform their responsibility to our society. Moreover, our Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of that States are more capable of deciding than the length of the hair of schoolboys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with hair length than are the local school authorities and state legislatures of all our 50 States. Perhaps if the courts will leave the States free to perform their own constitutional duties they will at least be able successfully to regulate the length of hair their public school students can wear.

*Motion denied.*