**Lila HAMMONDS, a Minor, By and Through her next friend, Syble Hammonds, Robert Salinas, a Minor, By and Through his next friend, Belia Salinas, Virginia Barrett, a Minor, By and Through her next friend, Betty Barrett, Rachel Galvan, a Minor, By and Through her next friend, Petra Galvan, and on behalf of all other persons similarly situated, et al.,**

**v.**

**W. Patrick SHANNON, Individually and in his official capacity as Principal of McCollum High School, Earl E. Ott and Ernest Hoffman, Jr., Individually and in their official capacities as Vice-Principals of McCollum High School, Callie W. Smith, Individually and in his official capacity as Superintendent of the Harlandale Independent School District, and Wiley Howry, Esteban Sosa, Sam L. Pack, Jesse W. Dunn, Dr. Homer H. Utz, W. S. Brashears, Harold L. Frost, Individually and in their official capacities as members of the Board of Education of the Harlandale Independent School District, et al.**

**No. SA–71–CA–50.**

United States District Court, W. D. Texas, San Antonio Division.

Feb. 23, 1971.

---

Harry B. Adams, III, Melvin N. Eichelbaum, Angelo P. Parker, San Antonio, Tex., for plaintiffs.

Richard Harris, North West, Ottis West, Oscar Gonzales, San Antonio, Tex., for defendants.

JOHN H. WOOD, Jr., District Judge.

On this 23rd day of February, 1971, there was presented to the Court the Complaint in the above cause together with (1) a request for a temporary injunction restraining defendants from excluding plaintiffs from McCollum High School and (2) a request for injunctive declaratory relief enjoining defendants from enforcing certain Rules and Regulations referred to in plaintiffs' Complaint as a "dress code" wherein plaintiffs contend that said "dress code", together with the administration thereof by the defendants deny plaintiffs and members of their class their rights, privileges, immunities and guarantees under the Constitution and laws of the United States.

The Court has fully examined said Complaint and all the Exhibits attached thereto and finds that said Complaint is wholly without merit and that same should be dismissed on the Court's own motion. The Court further finds that the Student Dress Code of the said McCollum High School which is challenged by the plaintiffs is reasonable and valid in all respects and violates no Constitutional rights of plaintiffs in this District. The Court further finds that Chief Judge Spears of the Western District of Texas sitting in San Antonio, Texas did find such a Student Dress Code valid and reasonable in the case of Wood, a minor, etc. v. Alamo Heights Independent School District, 308 F.Supp. 551, and that the Fifth Circuit Court of Appeals did affirm said decision on November 6, 1970 (433 F.2d 355).

This Court also relies on the Opinion of Mr. Justice Hugo Black on Motion to Vacate a Stay of Injunction Pending Appeal in the case of Karr, a minor, Individually, and Karr, Individually and as Next Friend and Guardian ad Litem on behalf of themselves and all others similarly situated v. Schmidt, Principal of Coronado High School, et al. decided on February 11, 1971 in 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797, wherein Mr. Justice Black, in a hearing on said motion which was presented to him as a Supreme Court Justice assigned to the Fifth Circuit Court of Appeals, said:

"I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. And I cannot now predict this Court will

hold that the more or less vague terms of either the Due Process or Equal Protection Clauses have robbed the States of their traditionally recognized power to run their school system in accordance with their own best judgment as to the appropriate length of hair for students.

"The motion in this case is presented to me in a record of more than 50 pages, not counting a number of exhibits. The words used throughout the record such as "Emergency Motion" and "harassment" and "irreparable damages" are calculated to leave the impression that this case over the length of hair has created or is about to create a great national 'crisis'. I confess my inability to understand how anyone would thus classify this hair length case. The only thing about it that borders on the serious to me is the idea that anyone should think the Federal constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear. The records of the federal courts, including ours, show a heavy burden of litigation in connection with cases of great importance—the kind of litigation our courts must be able to handle if they are to perform their responsibility to our society. Moreover, our Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of in which States are more capable of deciding than the length of the hair of school boys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with hair length than are the local school authorities and state legislatures of all our 50 States. Perhaps if the courts will leave the States free to perform their own constitutional duties they will at least be able successfully to regulate the length of hair their public school students can wear."

The Court further finds that adequate means have been provided by the State of Texas for administrative process involving school matters, and plaintiffs have attempted to bypass the administrative process.

It is, therefore, ordered, adjudged and decreed that this Complaint be, and the same is hereby in all things dismissed.