Dr. Wilber R. **WHITSELL** and Jon Whitsell, Plaintiffs-Appellants,

v.

The **PAMPA INDEPENDENT SCHOOL DISTRICT** et al., Defendants-Appellees.

No. 30624.

United States Court of Appeals, Fifth Circuit.

March 11, 1971.

Ross N. Buzzard, Pampa, Tex., for appellants.

Don R. Lane, Malcolm C. Douglass, Pampa, Tex., for appellees.

Before JONES, BELL, and SIMPSON, Circuit Judges.

PER CURIAM:

This is another appeal involving the validity of a high school dress code which includes a length of hair rule. The underlying suit arose out of a conflict between the school and a parent who contends that it is his " * * * prerogative to decide how my son dresses and how he cuts his hair." See Wood v. Alamo Heights Independent School District, 5 Cir., 1970, 433 F.2d 355; Stevenson v. Wheeler County Bd. of Educ., 5 Cir., 1970, 426 F.2d 1154, cert. denied, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970); Griffin v. Tatum, 5 Cir., 1970, 425 F.2d 201; Davis v. Firment, 5 Cir., 1969, 408 F.2d 1085; Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697, cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed. 2d 125, 126.

The opinion of the district court, which includes findings of fact and conclusions of law sustaining the validity of the code and thus the suspension of the student, is reported. Whitsell v. Pampa Independent School District, N.D. Texas, 1970, 316 F.Supp. 852. The record is ample to demonstrate the necessary nexus between the code, including the hair regulation, and the maintenance of school discipline and the prevention of interference with the educational environment. The findings of fact being supported and the conclusions of law not being inconsistent with the appertaining law, it follows that the judgment of the district court should stand.

Affirmed.

Judge SIMPSON reserves the right to file a dissenting opinion.