**Tony VALDES, by his natural guardian, et al., Plaintiffs,**

**v.**

**MONROE COUNTY BOARD OF PUBLIC INSTRUCTION, J. E. Adair and Glynn Archer, individually and as principals of Coral Shore High School and Key West High School, Defendants.**

**Civ. No. 71–204.**

United States District Court,
S. D. Florida.

April 22, 1971.

Beverly Gurevitz and Jack P. Attias, Miami, Fla., for plaintiffs.

M. Ignatius Lester, Key West, Fla., for defendants.

## ORDER DISMISSING COMPLAINT

MEHRTENS, District Judge.

This is another long hair case.

On February 24, 1971, this Court, after an emergency hearing, entered an order denying plaintiffs' motions for temporary restraining order or preliminary injunction. That order dealt specifically with the question of that hearing as to whether the plaintiffs had sustained their burden of demonstrating the necessary immediate and irreparable injury which warrants the issuance of an in-

junction. In that hearing this Court *assumed* that the right to wear long hair in public schools was a constitutionally protected "right" of the First and Fourteenth Amendments, and thus the plaintiffs were, at least, entitled to a hearing so that they could demonstrate to the Court that the "right" to wear long hair had been unconstitutionally infringed by the defendants in an arbitrary and capricious manner. For the purposes of this order, the Court is not bound to that prior assumption, and thus treats the plaintiffs' complaint anew. For the reasons expressed below, the complaint is dismissed without prejudice, each side to bear their own costs.

Long hair cases, as presented to federal courts, seem to be replacing the earlier race discrimination cases in terms of frequency of suits brought under 28 U.S.C.A. § 1343 and 42 U.S.C.A. §§ 1981–1983. As to the former cases, federal courts found themselves capable of disposing of them, for there was sufficient legislative and judicial history available to judge whether minority persons of this country were being denied their rights under the Fourteenth Amendment Equal Protection Clause and other standards. There was no question that discrimination on the basis of race was a totally unacceptable and unconstitutional standard on which to base a discrimination, be it in a school desegregation situation, a movie theater access situation, a housing acquisition situation, and, recently, a public works construction plan. There are, of course, multitudes of other cases which clearly demonstrate that "rights" of persons infringed due to their racial and ethnic lineage will be restored by federal courts in light of the Fourteenth Amendment Equal Protection Clause and the moral and ethical principles of equality of treatment found in the laws which govern this country and protect its citizenry. There is no question that those cases presented substantial federal questions to be litigated. This Court, however, cannot place the historical pattern of those cases upon a long hair case, and

determine that these students have been wronged, in the constitutional sense, by the promulgation of rules and regulations of a school board which restrict the length of hair of those students attending public schools.

Long hair cases have been presented and adjudicated by federal courts throughout the United States. Research has revealed an underlying assumption made in almost all of those cases that there is a constitutional "right" for a person, and in particular a student, to wear his hair any length. The determination of whether the rules which prescribe this situation are constitutional or not is made by balancing the right to wear long hair against the state interest to regulate the discipline and conduct of students in public schools. In its most recent decision of a long hair case, the Court of Appeals for the Fifth Circuit again *assumed* such a constitutional "right" in affirming a District Court's decision to dismiss the complaint. Whitsell et al. v. Pampa Independent School District, et al., 5 Cir. 1971, 439 F.2d 1197 [March 11, 1971]. Further, the Court of Appeals, in affirming the lower court's decision, cited several prior cases which dealt with the question of school board regulations of dress codes and/or hair lengths. An examination of those opinions further substantiates this Court's impression that an assumption of such constitutional protection exists, from which the courts then proceed to balance that "right" against state interests. Wood v. Alamo Heights Independent School District, 5 Cir. 1970, 433 F.2d 355; Stevenson et al. v. Board of Education of Wheeler County, 5 Cir. 1970, 426 F.2d 1154, cert. denied, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970); Griffin v. Tatum, 5 Cir. 1970, 425 F.2d 201; Davis v. Firment, 5 Cir. 1969, 408 F.2d 1085; Ferrell v. Dallas Independent School District, 5 Cir. 1968, 392 F.2d 697, cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125. It appears that the first "holding" of a constitutional "right" to wear long hair in public schools was made by the Honorable

James E. Doyle in Breen v. Kahl, 296 F.Supp. 702 (W.D.Wis.), affirmed 419 F.2d 1034 (7th Cir. 1969). The Court of Appeals for the Seventh Circuit, in affirming, agreed there was a "right" to wear long hair, citing as authority Griffin v. Tatum, 300 F.Supp. 60 (M.D.Ala. 1969); Zachry v. Brown, 299 F.Supp. 1360 (N.D.Ala.1967); and Richards v. Thurston, 304 F.Supp. 449 (D.Mass. 1969), affirmed 424 F.2d 1281 (1st Cir. 1970). No further elaboration was made by the appellate court on this point, and it appears to still be the rule in the Seventh Circuit. See Crews v. Cloncs, 432 F.2d 1259 (7th Cir. 1970). This, however, does not appear to be the "rule" in this Circuit. In *Tatum*, the Fifth Circuit tested the decision of the lower court on the "clearly erroneous" standard, finding that there was none, and reversed on other grounds dealing with the declaration by the lower court of the total unconstitutionality of the regulation. It thus appears that the Fifth Circuit by-passed the question of a constitutional equal protection "right" or due process "right" to wear long hair. In *Zachry*, no appeal was taken from the District Court's finding that the equal protection clause forbids removal of male students from a junior college only because the school administrators disliked the wearing of long hair by them. Even the District Court opinion appealed from in *Whitsell* cited the Seventh Circuit decision in *Breen*, supra, for authority that there is a "right" to wear long hair as opposed to a Fifth Circuit opinion assuming this "right". 316 F.Supp. 852, 854 (N.D.Tex.1970) In Davis v. Firment, 269 F.Supp. 524 (E.D.La.1967), affirmed 408 F.2d 1085 (5th Cir. 1969), the Court there assumed such a "right", and this Court is of the opinion that the Court in *Davis* was rigidly opposed to the granting of such a "right". In *Woods*, supra, the Fifth Circuit again assumed such a "right", as did the lower court, in affirming a lower court summary judgment in favor of the school board and its policy.

There appears to be only one Circuit which has completely rejected the proposition that students have a constitutionally protected right to wear long hair. Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970), cert. denied, 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88 (1971). *Jackson* cited Ferrell v. Dallas Independent School District, supra, with approval, and further stated 424 F.2d at 218–219:

"In the absence of infringement of constitutional rights, the responsibility for maintaining proper standards of decorum and discipline and a wholesome academic environment at Donelson High School is not vested in the federal courts, but in the principal and faculty of the school and the Metropolitan Board of Education of Nashville and Davidson County, Tennessee."

In so ruling, the Sixth Circuit rejected the claims by the students that the regulation violated their rights under the First, Third, Fourth, Fifth, Ninth and Fourteenth Amendments.

Thus, it appears that long hair cases are among the most confusing and unsettled in the federal courts. What is arbitrary and capricious to one court is reasonable and rational to another court. Even more unsettled is the very question which must be answered before the merits of the questions are reached, that being whether there is a "right" under the federal Constitution, no matter which provision therein, for a student to wear long hair.

This Court does not intend to enter the arena of that battle. Such participation might only constitute another sword and axe for one side or the other in a futile attempt, as this Court views it, to settle something which (1) this federal court is not prepared to adjudge and (2) which no Constitutional provision exists as a standard. The administration of schools should be left to those who are educated and motivated to administer them. This Court's training does not fit that arena. While not stating unequivocally that there are *no* occa-

sions that might arise which might justify, and possibly even command, a court's intervention into school administration problems, this Court is of the opinion that cases dealing with long hair simply do not constitute such a rare occasion.

■■ It is the holding of this Court that the question of long hair restrictions by a local school board does not present a substantial federal question and that there is no constitutional "right" for a student to wear long hair in a public elementary, junior or senior high school. Thus, as a matter of law, jurisdiction of this Court is not present, either under any provision or amendment to the federal Constitution or under 28 U.S.C.A. § 1343 or 42 U.S.C.A. §§ 1981–1983.

This finding is made without reference to any question of the Abstention Doctrine, which was recently invoked in Alberda v. Noell, 322 F.Supp. 1379 (E.D. Mich.1971). While respecting the opinion of Judge Roth, it nonetheless appears that the *Alberda* court assumed a point of law which this Court believes does not exist, that being the "right" to wear long hair as protected by the federal Constitution.

This ruling by this Court is buttressed by a recent denial of a motion to vacate a stay of injunction pending appeal by Mr. Justice Black in the case of Karr v. Schmidt, et al., 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797, dated February 11, 1971. In denying the motion, which is attached [see Appendix] to this opinion and incorporated herein, Mr. Justice Black refused to hold "that the federal courts have constitutional power to interfere in this way with the public school system operated by the States." Further, he noted there "is no * * * direct, positive [constitutional] command about local school rules with reference to the length of hair state school students must have." He further disagreed with the idea that "anyone should think the federal Constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear."

This Court is aware of the recent opinion of Judge Krentzman, Dawson v. Hillsborough County, Florida School Board, 322 F.Supp. 286 (M.D.Fla.1971), in which the School Board was enjoined from enforcing the local regulations regarding length of hair. While respecting the opinion of my brother Krentzman, I note, as in previous cases, that the assumption of constitutional "right" to wear long hair was utilized, and in support of that "right" the Court cited the cases of *Ferrell*, supra, and *Breen*, supra. As noted earlier, *Breen* makes a direct finding of constitutional "right" to wear long hair, but *Ferrell* assumes such a "right". For the reasons expressed, I cannot agree with the finding of such a "right". It is the opinion of this Court that this complaint should be dismissed as to the question of a "constitutional right" for male students in the Monroe County, Florida school system to wear long hair in excess of reasonable regulations.

■ This Court is aware that, even if there is no "right" to wear long hair, there is nonetheless a Constitutional protection that the rules and regulations promulgated by school boards must not *operate* in an arbitrary or capricious manner. See Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969), *Ferrell*, supra. As pointed out in this Court's order of February 24, 1971, which is incorporated herein, the regulation was found not to be "arbitrary, unreasonable or an abuse of discretion." It was further noted that the "grooming regulations appear[ed] to be reasonably necessary to insure the effective operation of the school and to promote the discipline and decorum of its students." It is therefore

Ordered and adjudged that plaintiffs' complaint in this matter be and the same hereby is dismissed.

# APPENDIX

Supreme Court of the United States

October Term, 1970

Chesley Karr, a minor, individually, and John R. Karr, Individually and as next friend and Guardian ad litem on behalf of themselves and all others similarly situated,

v.

Clifford Schmidt, Principal of Coronado High School, et al.

On Motion to Vacate a Stay of Injunction Pending Appeal.

[February 11, 1971]

Mr. Justice BLACK, Circuit Justice.

This "Emergency Motion to Vacate a Stay of Injunction Pending Appeal" has been presented to me as the Supreme Court Justice assigned to the Court of Appeals for the Fifth Circuit. The motion concerns rules adopted by the school authorities of El Paso, Texas, providing that school boys' hair must not "hang over the ears or the top of the collar of a standard dress shirt and must not obstruct vision." The rules also provide that boys will not be admitted to or allowed to remain in school unless their hair meets this standard. The United States District Court for the Western District of Texas, El Paso Division, held after hearings that this local student hair length rule violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and enjoined its enforcement, declining to suspend its injunction pending appeal. On motion of the school authorities, the Court of Appeals for the Fifth Circuit stayed and suspended the District Court's injunction and the student appellees have asked me to vacate the Court of Appeals'

stay of the injunction. Should I vacate the stay the El Paso school authorities would remain subject to the District Court's injunction and would thereby be forbidden to enforce their local rule requiring public school students not to wear hair hanging over their collars or obstructing their visions.

I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. And I cannot now predict this Court will hold that the more or less vague terms

of either the Due Process or Equal Protection Clauses have robbed the States of their traditionally recognized power to run their school system in accordance with their own best judgment as to the appropriate length of hair for students.

The motion in this case is presented to me in a record of more than 50 pages, not counting a number of exhibits. The words used throughout the record such as "Emergency Motion" and "harassment" and "irreparable damages" are calculated to leave the impression that this case over the length of hair has created or is about to create a great national "crisis." I confess my inability to understand how anyone would thus classify this hair length case. The only thing about it that borders on the serious to me is the idea that anyone should think the Federal Constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear. The records of the federal courts, including ours, show a heavy burden of litigation in connection with cases of great importance—the kind of litigation our courts must be able to handle if they are to perform their responsibility to our society. Moreover, our Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of in which States are more capable of deciding than the length of the hair of school boys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with hair length than are the local school authorities and state legislatures of all our 50 States. Perhaps if the courts will leave the States free to perform their own constitutional duties they will at least be able successfully to regulate the length of hair their public school students can wear.

Application denied.