**William HOWELL, by his father and next friend O. T. Howell, et al.**

v.

**Edwin R. WOLF, individually and in his capacity as Principal, Marietta High School, et al.**

**Civ. A. No. 15612.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 29, 1971.

nied entrance to the Marietta High School because of their failure to comply with the rules concerning the mode of dress promulgated by the Board of Education of Marietta, Georgia. At the time of filing this Complaint, the plaintiffs had not exhausted all of their administrative remedies as it was not until that evening that a hearing was held before the Board of Education of Marietta. The Court delayed any action on the Complaint pending action by the Board of Education. The Board of Education denied the students' appeal and refused to readmit them to Marietta High School. Thereupon, this Court issued a temporary restraining order pending a hearing in the case. A hearing was expeditiously scheduled on September 17 at which extensive evidence was introduced by both sides.

From that evidence, the Court makes the following findings of fact:

Marietta High School has a total enrollment of approximately 1,500 students. Prior to the school year of 1971, discipline and morale at Marietta High School had deteriorated to a low point. The administration was faced with the problem of correcting this situation following the end of the 1970–71 school year. Upon the recommendation of faculty members and the principal of Marietta High School, the Board of Education adopted a dress code which included a provision concerning hair length which is here under attack. The dress code as far as boys was concerned provided, inter alia, that:

> "Hair length will not be permitted to go beyond the top of the collar or below the ear lobe."

Evidence introduced at the trial indicated that this was interpreted to provide that hair could grow over the ears and completely cover the ears provided that it did not extend on the sides below the bottom of the ear. Evidence further indicated that low shirt collars of a sport shirt type were the guide in judging length, and that when the administration was in doubt, it was resolved in

Morris Brown, Atlanta, Ga., for plaintiffs.

Holcomb & McDuff, Marietta, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

This case is but another chapter in the raging controversy concerning the regulation of hair length and so-called "dress codes" in the public school system. The three named plaintiffs filed their action in this Court after being de-

favor of the student. Thus, this case did not involve long hair, but rather extremely long hair, to wit: that which extended to the shoulders and below the shoulders.

As a basis for adopting this regulation, the school administration had determined that youths with long hair generally contributed to disruptive activities in the school, were constantly tardy and had a greater percentage of absenteeism than other students. They were generally poorer students and were not well prepared for classroom work. They often combed and shook their hair in class and would play "peek-a-boo" through the long hair hanging over their face, all of which was disruptive to other students and teachers. They would gather as a group in one corner of the class, talk among themselves and often sleep. They had even eaten candy and popcorn and consumed soft drinks during class. All of the school administrators felt that these people as a group resisted even the most insignificant of rules and generally defied authority and any form of discipline. They often would gather at the classroom doors and prevent others from entering the class. They formed a point of identification for slower learners who would then group with them and whose grades would in turn, decline. They generally refused to participate in any school activities and with few exceptions, none of them belonged to any of the school clubs or extra-curricular functions. They were known to congregate on the streets adjacent to the campus selling a local underground newspaper and frequenting the area where drugs were commonly sold and used. Further, long hair was found to be hazardous in shop activities.

The situation at Cedartown High School which, during the previous year, was similar to the condition at Marietta, had improved immediately upon implementation of a dress code similar to the one in Marietta High School. The experience of Cedartown further encouraged the Marietta School System to follow their example.

It was further found at Marietta in at least one instance that students after giving up long hair, improved in attitude and academic standing.

No plaintiff testified in the case and no question of First Amendment rights was injected by the evidence.

While the plaintiffs attempted to show selective enforcement, the Court finds that the school authorities have reasonably endeavored to equally enforce the rule.

The legal issues raised by this case are ones that today are dividing families, schools, the Nation, and even the courts. While several circuits have ruled upon the question of school regulation of hair length, and while there is abundant case authority for either side of the question, the Supreme Court has not specifically spoken on the subject. On one attempt at appeal of such a case from the Fifth Circuit, Mr. Justice Black, in denying the application, wrote as follows:

"I refuse to hold for myself that the federal courts have constitutional power to interfere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race, but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. * * * Moreover, our Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation

than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of in which States are more capable of deciding than the length of the hair of school boys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with hair length than are the local school authorities and state legislatures of all of our 50 States." [1]

While the foregoing is not an opinion of the Court and is only the opinion of one justice in denying a Motion to Vacate a Stay of Injunction Pending Appeal, it is an indication of the thinking of the Court's great protector of individual rights and liberties. If this great spokesman for individual rights wrote thusly, then surely the majority of the Court will follow.

■ Since there is no opinion by the Supreme Court on this issue, this Court must then look to the authority of its own circuit. The Fifth Circuit has spoken many times on this subject.[2] This circuit has specifically rejected the argument that hair length is an absolute First Amendment right.[3] Nevertheless, federal courts have assumed jurisdiction at the lower levels and have established

that the federal court must in each case, and based upon the setting and factual background within the context of the record before the Court, determine whether the rule or regulation is arbitrary, capricious, unreasonable or discriminatory.[4]

■■ It is an established rule that school authorities must determine the existence of facts and circumstances which require the adoption of rules and regulations concerning conduct within the system. Yet, reasonable minds may differ in regard to the necessity of such rules, and if the school authorities' decision is within the range of these differences, their judgment must govern. Butts v. Dallas Independent School District, 436 F.2d 728 (5 Cir. 1971) and Pound v. Holladay, 322 F.Supp. 1000 (N.D.Miss., 1971).

"The courts must give full credence to the role and purposes of the schools and of the tools with which it is expected that they deal with their problems, and careful recognition to the differences between what are reasonable restraints in the classroom and what are reasonable restraints on the street corner." Ferrell v. Dallas Independent School District, 392 F.2d 697 (5 Cir. 1968).

■ In the case before the Court, the defendants have established "the necessary nexus between the dress code, including the hair regulation, and the maintenance of school discipline and the prevention of interference with the educational environment." Whitsell v. Pam-

1. Karr v. Schmidt, 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971); Apparently this case is presently pending before the Fifth Circuit for decision on the merits. The trial court opinion is reported at 320 F.Supp. 728.

2. Ferrell v. Dallas Indep. School Dist., N.D.Tex., 1966, 261 F.Supp. 545, aff'd, 5th Cir., 1968, 392 F.2d 697, cert. den. 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968); Stevenson v. Wheeler Co. Bd. of Ed., S.D., Ga., 1969, 306 F.Supp. 97, aff'd 5th Cir., 1970, 426 F.2d 1154 cert. den. 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970); Davis v. Firment, E.D., La., 1967, 269 F.Supp. 524,

aff'd, 5th Cir., 1969, 408 F.2d 1085; Griffin v. Tatum, M.D., Ala., 1969, 300 F.Supp. 60, aff'd in part, rev'd in part, 5th Cir., 1970, 425 F.2d 201; Wood v. Alamo Heights Indep. School Dist., W.D. Tex., 1970, 308 F.Supp. 551, aff'd 5th Cir., 1970, 433 F.2d 355; Whitsell v. Pampa Indep. School Dist., N.D., Tex., 1970, 316 F.Supp. 852, aff'd 439 F.2d 1198 (5 Cir. 1971).

3. Ferrell v. Dallas Independent School District, *supra*; however, Senior Judge Tuttle dissented on that issue. The other cases cited in footnote 2 follow this view without dissent.

4. *Ibid.*

pa Independent School District, 439 F.2d 1198 (5th Cir. 1971). The facts are stronger in behalf of the school system in the present case than in any factual situation found in the decisions of this circuit including the only other case decided in this district on the subject matter. Lindsey v. Guillebeau, C.A. 2243 Rome Div. Decided October 26, 1970 (N.D., Ga.). Thus, the Court must find that while persons reasonably disagree as to the necessity of the rule, the School Board promulgated it as an aid to the efficient operation of the school system, and that it was not a personal whim or preference of theirs as to the manner in which students should present themselves. Thus, the question for this Court to decide is not whether this policy is wise or unwise, but whether under the evidence, the rule reasonably relates to the problems of public education and discipline within its ambit.

While this Court might disagree with the necessity or wisdom for such a rule during these times, the task of the Court is not legislative but judicial. In following the established trend of the decisions of this circuit and in applying the law enunciated by them to the facts of this case, this Court has no alternative but to dissolve the temporary restraining order and enter judgment for the defendants.