Glen **DUNKERSON** et al., Appellants,

v.

Charles **RUSSELL** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 23, 1973.

William Branaman, Henderson, Robert E. Delahanty, Thomas L. Hogan, Louisville, for appellants.

Tommy W. Chandler, Providence, for appellees.

STEINFELD, Justice.

This action attacks the validity of so much of the Webster County High School comprehensive dress code which regulates the length of the hair of male students and prohibits female students from wearing jeans. This appeal is from the judgment of the circuit court which upheld the assailed sections of the code. We affirm.

Before the start of the 1971 fall school term the Webster County High School principal, with the advice and assistance of other school administrators, prepared a tentative written dress code which later was referred to a committee composed of the school's 12-member student council and eight faculty members. They conducted a survey of students in all the home rooms and prepared the final draft which was adopted. This supplanted an informal code which had been in existence for several years. The only subjects of present concern are the maximum hair length for male students and jeans attire for female students. In pertinent part, the code provided:

"WEBSTER COUNTY DRESS CODE

"Students shall dress and groom themselves in an appropriate manner. At all times, their dress shall reflect good taste and a good school image.

All students at Webster County High School must and will dress appropriately with the dress code in a classroom situation unless otherwise designated by the administration.

BOYS:

HAIR: —must be well groomed and clean

—must be no longer than the middle of the ear which is an imaginary line horizontal from the auditory canal (hole in ear)

—must be no longer than the top of the collar of a dress shirt in back

—the same rules apply with the Afro hair styles with the addition of a four (4) inch limit from the head.

\*   \*   \*   \*   \*   \*

GIRLS:

\*   \*   \*   \*   \*   \*

SHORTS: —no shorts or hot pants will be permitted in classroom situations

SLACKS: —pantsuits, slacks and matching sweaters will be permitted

—no jeans will be permitted

—no jumpsuits, coveralls, or overalls will be permitted.

\* \* \* \* \* \*

COMPLAINTS AND GRIEVANCES

In case of violation of the dress code, the violator will be brought before the student council; the student council acting as a review board. If the situation is not resolved the violator shall be brought before the principal with the executive board of the student council.

If the item is still unresolved, the student and the parent will appear before the principal and student council.

If no solution is reached, the student, parent, member of student council and principal will appear before the superintendent of schools.

If the item is still unresolved the parent will request a board hearing, which will be granted, and the student, parent, member of student council, principal, and superintendent shall appear before the Board of Education. The decision of the board will be final."

With commendable candor appellants concede that the school authorities acted with sincerity of purpose and had the right to regulate the dress of the students, however, with equal sincerity and the utmost vigor they charge that the two objectionable regulations are arbitrary and unreasonable. They deny the right of school officials to regulate the length of the male students' hair, to prohibit females from wearing jeans, and to suspend students during a period of noncompliance. Those of the appellants who were students were suspended because of their failure to comply with the code.

Justice Hugo Black, in Karr v. Schmidt, 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971), wrote that regulations of matters such as the length of a school boy's hair

raise no issue of constitutional dimensions. This comports with our viewpoint.

The judgment is affirmed.

All concur.