**Frederick A. SCHOTT, Jr., Appellant,**

v.

**William E. FORNOFF et al., Appellees.**

**No. 74–1337.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1974.

Decided April 9, 1975.

William Harris Zinman, Baltimore, Md., for appellant.

Maurice W. Baldwin, Jr., Asst. County Sol. of Baltimore County (R. Bruce Alderman, County Sol., Harry S. Shapiro, Chief Asst. County Sol., and Thomas J. Aversa, Jr., Asst. County Sol. of Baltimore County, Md., on brief), for appellees.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

This is an appeal by Frederick S. Schott, Jr., a former Baltimore County policeman, from the granting of defendant's motion for summary judgment.

Schott had sought damages and injunctive relief because of his discharge for failure to conform his haircut to a police department regulation that required, *inter alia,* a one-quarter-inch clearance between the hair on the side of the head and the ear (sometimes referred to as the white sidewall rule). We have examined the hair regulation the violation of which resulted in Schott's discharge, and we have no hesitation in holding that it is so extreme in respect to hair appearance and cut that it cannot be said to bear a rational relationship to the constitutionally permissible objective of an efficient police department, and in short, is arbitrary and capricious.

We reverse the granting of summary judgment and remand to the district court for determination of the relief to which Schott may be entitled. With respect to damages we note that the Supreme Court has quite recently held that a school board member has a qualified immunity from damages under § 1983 if his actions can reasonably be characterized as having been taken in good faith. Wood v. Strickland, —— U.S. ——, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The Court had this to say on what constituted absence of good faith:

> [W]e hold that a school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student. *Id.* at ——, 95 S.Ct. at 1001.

Reversed.

WIDENER, Circuit Judge (dissenting):

I respectfully dissent to the denial of rehearing. I would rehear the case and affirm the dismissal of the complaint.

However phrased, the decision here is nothing more nor less than substantive due process I had thought laid to rest at least by the time of Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963).

An undermining of the disciplinary authority of responsible local political officials, as this case does, I think is perfectly uncalled for, and is an impermissible extension of the federal judicial power.

A police force would seem to be even more subject to haircut regulations than are school boys, and I think the remarks of Mr. Justice Black as circuit justice in Karr v. Schmidt, 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971), should apply here:

> "The only thing about it [the case] that borders on the serious to me is the idea that anyone should think the Federal Constitution imposes on the United States courts the burden of supervising the length of hair that public school students should wear. The records of the federal courts, including ours, show a heavy burden of litigation in connection with cases of great importance—the kind of litigation our courts must be able to handle if they are to perform their responsibility to our society. Moreover, our Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of that States are more capable of deciding than the length of the hair of school boys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with

hair length than are the local school authorities and state legislatures of all our 50 States. Perhaps if the courts will leave the States free to perform their own constitutional duties they will at least be able successfully to regulate the length of hair their public school students can wear." 401 U.S. 1201, 1202–3, 91 S.Ct. 592, 593, 27 L.Ed.2d 797.

FIELD, Circuit Judge, joins in this dissent.