**Jerald GERE, a minor by his father and next friend, Paul Gere, Appellant,**

**v.**

**Emory R. STANLEY, as Superintendent of Blue Ridge School District, et al.**

**No. 71–1025.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 16, 1971.

Decided Dec. 27, 1971.

Seymour Kurland, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa. (Judith Dean, Philadelphia, Pa., on the brief), for appellant.

Paul A. Barrett, Nogi, O'Malley & Harris, Scranton, Pa. (Eugene Nogi, Scranton, Pa., on the brief), for appellees.

Before BIGGS, ADAMS, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This case presents the perplexing question whether a student may be suspended because the length of his hair does not conform to the standards prescribed by the local school board.[1]

Plaintiff-appellant, Jerald Gere, transferred from New York and entered the tenth grade of Blue Ridge High School in New Milford, Pennsylvania, in September, 1969. The principal of the school had previously informed parents and students that certain rules pertaining to dress and appearance had been adopted. Included was a regulation concerning hair length which differed slightly from that challenged on this appeal in that it did not set a specific maximum length but relied on rather vague, general standards of neatness and good grooming.

Some time after the school year 1969–70 commenced, Gere permitted his hair to grow to shoulder length and grew a goatee. Both actions violated the then-existing rule. For the remainder of the year, Gere's long hair caused disturbances to the extent that fellow-students approached the principal on several occasions with substantial complaints. In each case, action by the principal was required to alleviate the condition of unrest or turmoil in the school. Because the length of Gere's hair continued to exceed the norm set out in the regulation and because Gere refused to cut his hair, the principal suspended him on March 19, 1970. This step was ratified by the Board of Education on March 24th.

Gere then instituted suit, Civil No. 70–157, in the District Court seeking to enjoin the enforcement of the rule regulating the length of hair. Pending an adjudication of his claim, Gere was permitted to return to classes for the remainder of the school year.[2]

---

1. The regulation reads in part:
   "Hair length will be determined to a large extent by how well it is kept and groomed. Hair will not be allowed to be worn if the length touches or goes past the shirt collar of a regular man's dress shirt, nor will it be allowed when it grows over the ear or ears, nor if it is longer on the forehead than the line established by the eyebrows. When the hair becomes so long that it does not meet all of these conditions, a haircut will be in order. Beards and mustaches of any type are not allowed. Sideburns may be worn but no longer than the bottom of the ear lobe."

2. After Gere resumed attendance at the school, 60 students signed a petition protesting the length of his hair, and a group of parents vowed to cut Gere's hair for him if he did not do so himself. Reactions such as these, based solely on the existence of Gere's long hair, are irrelevant for purposes of the decision in this case.

During the Summer of 1970, various components of the Blue Ridge High School—faculty, administrative staff, and student council—drafted and approved a new dress code which included the regulation reproduced *supra, note* 1. The School Board then voted that the code should go into effect for the school year 1970–71. Gere returned to school in September, 1970 with hair reaching his shoulders, in clear violation of the new rule. After refusing to cut his hair, he was again suspended, and has not attended school since. The present lawsuit, Civil No. 70–477, challenging the validity of the hair length regulation was filed shortly after Gere was suspended. The actions were consolidated, and in an able opinion, reported at 320 F.Supp. 852 (M.D.Pa.1970), Judge Nealon held that although Gere's freedom to choose his hair style was a liberty embraced by the Fourteenth Amendment, the freedom was properly limited by a reasonable school board regulation aimed at maintaining an atmosphere conducive to learning. The District Court accordingly entered judgments for the defendants. Gere appeals only from the judgment in Civil No. 70–477.

Neither in the District Court nor on this appeal does Gere contend that the challenged regulation interfered with an exercise of his First Amendment rights.[3] Rather, Gere states that he wears long hair because he "just like[s] it." He argues that such a preference constitutes a protected liberty within the meaning of the Fourteenth Amendment which may not be abridged without due process of law.[4]

3. If the First Amendment claim had been made and if we found that the wearing of long hair were akin to pure speech, we could uphold the regulation only if "the wearing of [long hair] would substantially interfere with the work of the school or impinge upon the rights of other students." Tinker v. Des Moines School Dist., 393 U.S. 503, 509, 89 S.Ct. 733, 738, 21 L.Ed.2d 731 (1969).

4. We are inclined to agree with Judge Nealon that if a right to long hair *vis-a-vis* the

Although the parties in this case have not questioned the power—jurisdiction—of the federal courts to adjudicate this matter, the question of jurisdiction is always at issue, and we may not proceed to the merits of the dispute without first having the power to adjudicate. In the view expressed by the late Mr. Justice Black, acting as a Circuit Justice in Karr v. Schmidt, 401 U.S. 1201, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971), and by the concurring opinion in this case, federal courts lack the power to decide hair length controversies which implicate matters of local school board rules. With this proposition, we respectfully disagree.

Since 1877, the Supreme Court has instructed the lower federal courts that federal question jurisdiction is to be determined from the pleadings submitted by the plaintiff. Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656 (1877). Gere, in his complaint, asserts federal jurisdiction under 28 U.S.C. §§ 1343(3), (4). The applicable portion of Section 1343 reads:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

The leading case interpreting this provision is Hague v. C.I.O., 307 U.S. 496, 59

State exists under the Constitution, it must arise under the "liberty" and "due process" portions of the Fourteenth Amendment. Contrary to what plaintiff seems to argue, the Ninth Amendment does not apply directly to the states, *see e.g.*, Brown v. Walker, 161 U.S. 591, 606, 16 S.Ct. 644, 40 L.Ed. 819 (1896). Rather if it applies at all, it would do so through the sections of the Fourteenth Amendment cited above.

S.Ct. 954, 83 L.Ed. 1423 (1939). The tribunal there was confronted with the difficult question whether a federal court had jurisdiction as a result of § 24(14) of the Judicial Code [now 28 U.S.C. § 1343(3)] in a suit brought under § 1 of the Act of 1871, R.S. § 1879, 42 U.S.C. § 1983, without regard to the jurisdictional amount. Justice Stone stated:

> "The conclusion seems inescapable that the right conferred by the Act of 1871 to maintain a suit in equity in the federal courts to protect the suitor against a deprivation of rights or immunities secured by the Constitution, has been preserved, and that whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights, there is jurisdiction in the district court under § 24(14) of the Judicial Code to entertain it without proof that the amount in controversy exceeds $3,000."

Thus, without regard to the ultimate disposition on the merits, if an action is brought within the terms of 42 U.S.C. § 1983, it follows that a federal court has jurisdiction to hear the case. *See* Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Section § 1983 gives rise to a federal claim when any "person [acting under color of State law] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." Gere's complaint asserted that:

> "The actions of all the Defendants violated and continues to violate the due process clause of the Fourteenth Amendment to the Constitution of the United States of America . . ."

The complaint then went on to list the specific ways in which Gere considers that the defendants violated his Fourteenth Amendment rights. We cannot say that these allegations are so "wholly insubstantial and frivolous" that we are thereby divested of jurisdiction. Bell v. Hood, *supra,* at 682–683, 66 S.Ct. 773.[5] Although it might be tempting to disclaim jurisdiction in controversies such as this one, a careful consideration of the statutes and cases impels the conclusion that we have the power to adjudicate the issues presented here.[6]

██ ██ It has been additionally proposed that, notwithstanding Gere's constitutional claim and the existence of federal jurisdiction, the District Court and, consequently, this Court should abstain from deciding this lawsuit in favor of a state adjudication of the same issues. We also find this suggestion to be unpersuasive. A federal court should abstain when a decision concerning a question of state law is necessary to a disposition of the case, and the answer to the state question involves unclear state law or a matter of paramount interest to the state. *See, e. g.,* Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); R. R. Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). If the above factors are not

---

5. It should be noted that three different courts of appeals, the First, Seventh and Eighth Circuits, have now gone far beyond our holding at this point that jurisdiction exists, to holdings that on the merits there is a right to long hair under the Constitution. Bishop v. Colaw, 450 F.2d 1069 (8th Cir., Oct. 27, 1971); Crews v. Clones, 432 F.2d 1259 (7th Cir. 1970); Richards v. Thurston, 424 F.2d 128 (1st Cir. 1970). Indeed, Judge Nealon, in the District Court, concluded that such a right exists under the Fourteenth Amendment. 320 F.Supp. at 858.

6. Contrary to the view of both Mr. Justice Black and that of the concurring opinion that federal courts should not be burdened by reviewing the day-to-day activities of local school boards is Mr. Justice Douglas' opinion that the Constitution demands such intervention. Ferrell v. Dallas Independent School District, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968) (dissent from denial of certiorari).

present in the suit, it is not enough to justify abstention that the state courts are as competent to decide federal questions as are the federal courts. Wisconsin v. Constantineau, 400 U.S. 433, 91 S. Ct. 507, 27 L.Ed.2d 515 (1971). Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

At oral argument, both the plaintiff and the defendants conceded that Gere's suspension was authorized by state law, Tit. 24 Pa.Stat.Ann. § 13–1318, a conclusion with which we tend to agree. This Court was, therefore, squarely faced with a federal question, and accordingly may not abstain. Wisconsin v. Constantineau, *supra*; Zwickler v. Kotta, *supra*.

■ Assuming *arguendo* that Gere has a right to wear his hair long while attending public high school,[7] the test which we must apply to determine the validity of the hair regulation is that set out by Mr. Chief Justice Hughes in West Coast Hotel Co. v. Parrish, 300 U.S. 397, 391, 57 S.Ct. 578, 581, 81 L.Ed. 703 (1937): "Liberty under the Constitution is thus necessarily subject to the restraints of due process, and regulation which is reasonable in relation to its subject and is adopted in the interests of the community is due process." Or to put it another way, the liberty guaranteed by the Fourteenth Amendment implies absence of arbitrary interferences, but not immunity from reasonable regulations.[8]

In order to evaluate the reasonableness of the regulation here in question, we are faced with the delicate task of reconciling, on one hand, a right which is arguably protected by the Fourteenth Amendment, and on the other, the authority of a local school board to insure an atmosphere conducive to educational purposes.

■ The primary goal of secondary schools is, of course, the education of students. To succeed in this function, it is sometimes necessary for school authorities formally to regulate student conduct. If a particular pattern of student conduct is disruptive of the educational process, a narrow rule circumscribing the behavior is not infirm under the Constitution or the common law when sufficiently justified. *See* S. Goldstein, The Scope and Sources of School Board Authority to Regulate Student Conduct and Status: A Nonconstitutional Analysis, 117 U.Pa.L.Rev. 383 (1969).

■ In this case, the behavior to be controlled was the wearing of excessively long hair. The educational process at Blue Ridge High School was disrupted during the 1969–70 school year when students refused to sit near Gere in class because of the dirtiness of his hair and in the cafeteria because they were afraid

---

7. Because we hold that the regulation in question is reasonable under the test we set out *infra*, we do not reach the question whether the wearing of long hair in public school is a right protected by the Constitution.

8. We are not unmindful of the apparent disagreement among the circuits regarding the approach to be employed when dealing with so-called "long-hair cases." The First Circuit seems to have applied a test somewhat similar to that which we adopt, Richard v. Thurston, 424 F.2d 1281 (1st Cir. 1970) (absent any justification for promulgating the rule, the student's right to wear his hair as he chooses prevails) ; *accord*, Martin v. Davison, 322 F. Supp. 318 (W.D.Pa., 1971). However, the Tenth Circuit has held that a challenge to a school's hair regulation does not implicate sharply enough federal rights to give rise to a federal cause of action. Freeman v. Flake, 448 F.2d 258 (10th Cir. 1971). The approaches of other circuits are expressed in Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir.), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968) ; Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970), cert. denied, 400 U.S. 850, 91 S.Ct. 55, 27 L.Ed.2d 88 (1971) ; Crews v. Clones, 432 F.2d 1259 (7th Cir. 1970) ; King v. Saddleback Junior College, 445 F.2d 932 (9th Cir. 1971). Until such time as we are faced squarely with the underlying constitutional issue, *i.e.*, whether a school board, without justifying the rule, may regulate the length of hair worn by male students, we feel that both logic and precedent require the application of the balancing test set forth in the text.

that his habit of leaning down over his food, apparently dipping his hair into the food, and then throwing his hair back, would result in their being annoyed by the consequences.[9]

Based on the factual history in this case, we, as a federal court, are not prepared to say that the regulation in effect was an arbitrary exercise of the School Board's power. Although other regulations—such as requiring clean hair at all times—might have been sufficient to alleviate the problem, we are constrained not to substitute our judgment in this matter for that of the School Board.[10]

We hold, therefore, that the evidence presented by the defendants in the District Court constituted an adequate justification of the hair-length regulation.[11] Accordingly, the judgment of the District Court will be affirmed.

BIGGS, Circuit Judge (concurring and dissenting).

This case in this court's view involves the constitutional rights of a sixteen year old school boy in his shoulder-length hair and goatee. To my mind, however, the case turns on a different constitutional issue, the vital one of whether the federal courts have the power under the Constitution of the United States to enforce school rules involving such matters as the length of school-boy hair. I believe that the District Court did not possess the jurisdiction, the power, to entertain Gere's suit and that the suit should have been dismissed on that ground and no other since the issue of jurisdiction ordinarily should be decided *in limine* prior to any decision on the merits.

The issue was superbly put by Justice Black, as Circuit Justice, in Karr v. Schmidt, 401 U.S. 1201, 1202–1203, 91 S.Ct. 592, 27 L.Ed.2d 797 (1971). He said:

"I refuse to hold for myself that the federal courts have constitutional power to interefere in this way with the public school system operated by the States. And I furthermore refuse to predict that our Court will hold they have such power. It is true that we have held that this Court does have power under the Fourteenth Amendment to bar state public schools from discriminating against Negro students on account of their race but we did so by virtue of a direct, positive command in the Fourteenth Amendment, which, like the other Civil War Amendments, was primarily designed to outlaw racial discrimination by the States. There is no such direct, positive command about local school rules with reference to the length of hair state school students must have. And I cannot now predict this Court will hold that the more or less vague terms of either the Due Process or Equal Protection Clause have robbed the States of their traditionally recognized power to run their school systems in accordance with their own best judgments as to the appropriate length of hair for students.

\*    \*    \*    \*    \*    \*

"[O]ur Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of that States are more capable of deciding than

9. Presumably, these problems were never caused by long-haired female students; accordingly we are not presented with a question of sex discrimination.

10. We might also note that the challenged regulation, because of its specificity lends itself to non-arbitrary enforcement whereas a cleanliness rule would require the exercise of discretion which might, at times, be arbitrary.

11. We express no opinion regarding a case where a school board bans long hair without a background of disturbances of this nature. In such a case, the school board may or may not be able to justify such a regulation applicable to its schools by presenting expert testimony that long hair would in some way be detrimental to the educational process in the school district in question.

the length of the hair of schoolboys. There can, of course, be honest differences of opinion as to whether any government, state or federal, should as a matter of public policy regulate the length of haircuts, but it would be difficult to prove by reason, logic, or common sense that the federal judiciary is more competent to deal with hair length than are the local school authorities and state legislatures of all our 50 States. Perhaps if the courts will leave the States free to perform their own constitutional duties they will at least be able successfully to regulate the length of hair their public school students can wear." [1]

I can add nothing of consequence.

I must respectfully dissent from the basis of decision of the majority opinion which is in accord with that of the Trial Judge. I concur in the judgment of this court but do so on a ground quite apart from the majority reasoning which is intended to support it.

---

1. Compare Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), *school desegregation;* Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), *school prayers.* Cf. Berryman v. Hein, 329 F.Supp. 616 (D. Idaho 1971), *length of hair under school dress code.*