## Hair Styles of Students in Public Schools

CREAMER, Attorney General, October 27, 1972.— You have asked us what effect, if any, the recent de-

cision of the United States Court of Appeals for the Third Circuit in the case of Stull v. School Board of Western Beaver Jr.-Sr. High School, 459 F. 2d 339 (April 13, 1972, Docket no. 71-1674), has on regulations now being enforced in some school districts regulating the length or style of students' hair.

The decision in the Stull case has to be read together with a previous decision of the third circuit dealing also with the constitutionality of such regulations, i.e., Gere v. Stanley, 453 F. 2d 205 (1971), involving Blue Ridge High School in New Milford, Pa. Plaintiff had grown hair in violation of the high school's regulations. There was testimony in the record that Gere's hair was very dirty and that his fellow students refused to sit near him, thus causing disruption of the educational process. In addition, groups of students approached the principal of the school complaining about the unhealthy condition of Gere's hair. On the basis of those facts, the court upheld the regulation on the ground that, although a student might be assumed to have a constitutional right to choose his hair style, the school board had a right and duty to "insure an atmosphere conducive to educational purposes" and, considering the evidence of disruption of the educational process by Gere, the regulation was not an arbitrary exercise of that right. (For a full discussion of this case and the conflicting authorities in other jurisdictions, see Judge Becker's opinion in Stull, supra.)

The record in the Stull case presented none of the evidence of disruption contained in Gere. The court, therefore, struck down the challenged regulations as unconstitutional because "Governance of the length and style of one's hair is implicit in liberty assurance of due process clause of the Fourteenth Amendment . . ."

On the basis of that holding, you are advised that

school board regulations regulating the length or style of students' hair are unconstitutional and unenforceable except under the following three narrow factual circumstances:

1. If the length or style of hair causes an actual disruption of the educational process;

2. If the length or style of hair constitutes a health hazard;

3. If the length or style of hair constitutes a safety hazard, e.g., in shop classes.

The above rule would appear to apply not only in the classroom situation, but also in the extracurricular sphere, i.e., except subject to the above exceptions, hair length or style regulations may not be imposed on students, and adherence to those rules may not be made a condition precedent to student participation in extracurricular activities. Regulation of facial hair, furthermore, may be accomplished, again, only under the narrow exceptions stated above.

Because students do have a constitutionally protected right, under Stull, to govern the length and style of their hair, it would be appropriate to consider and exhaust alternative means of dealing with the above-stated factual situations prior to infringing upon this right. In this regard, it might be appropriate to require hair to be clean regardless of length or style; and it might be appropriate to require some type of head covering in shop classes or gymnasium where long hair may create a safety hazard.

It is our hope that his opinion will be of some help and guidance to our school districts and administrators and that future litigation in this area, with the resulting unnecessary expenditure of funds and energy, will be avoided, thereby allowing all in the educational field to devote full time and energy to the improvement and reform of our educational delivery system.