**Max A. BISHOP, by next of friend, Mrs. Max Bishop, Plaintiff,**

v.

**Alfred CERMENARO et al., Defendants.**

**Civ. A. No. 72–3229–M.**

United States District Court, D. Massachusetts.

March 19, 1973.

**1270**

Walter M. Lowney, Berkshire Legal Service, Inc., North Adams, Mass., for plaintiff.

Bernard Lenhoff, North Adams, Mass., for defendants.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This is an action by the plaintiff Max Bishop, a male student at the Northern Berkshire Vocational Regional School in North Adams, Massachusetts, against the defendants (the School Superintendent-Director; the School Committee Chairman, and the members thereof) wherein the plaintiff seeks to enjoin the defendants, their agents, and employees from excluding the plaintiff from the school because of the length of his hair.[1] It is undisputed that the length of plaintiff's hair violates the express specifications of the school's "hair code".

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) which provides for original jurisdiction of suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution of the United States.

The hair code under which the school's action was taken was propounded by the school Student Council, but was accepted and is enforced by school officials, and is as follows:

1. Hair on sides not to exceed past the bottom of the ear.

2. Hair in back, while student is in a standing position, will not exceed the middle of the collar.

3. Sideburns not to exceed past the corner of the mouth.

4. Mustaches may be worn, but must be neat and well trimmed. The ends of the mustaches cannot exceed the corners of the mouth.

5. Hair protection must be worn in shops if so desired by the shop in-

---

1. The action was filed by Bishop in October 1972 after he had been excluded from the school as of October 13. Thereafter he cut his hair so as to conform to the school's hair code, and on or about October 31 he was readmitted.

However, as his hair continued to grow, he was again excluded from school on January 3, 1973. Plaintiff thereupon requested a temporary restraining order from this court. A hearing was held January 9, 1973, after which, on January 12, the motion was denied on the ground that the prospect of shorn locks was not so irreparable as to justify the issuance of the temporary relief.

structors—this protection must be provided by the student and approved by the shop instructor. Hair protection when worn must cover the top and sides of the head down to the ear. Hair is not to be packed or bunched underneath the protective covering so as to leave dangling ends which could prove to be a safety hazard.

The preamble to the code recites that:

The primary objective for the establishment of these guidelines is the safety and welfare of the students. Secondary objectives concern the enhancement of the school and its students among the general public and prospective employers, and the furtherance of employment opportunities of students upon graduation.

On January 30, 1973, the case was set down for a hearing on the merits, which embraced the application for a preliminary injunction in accordance with Rule 65(a)(2) Fed.R.Civ.P. When the case was called, counsel for the parties stipulated to the facts and submitted the case to the court on the stipulation and their briefs. Included in the stipulation are the following facts:

(i) that the school has dangerous industrial machinery and equipment, and that safety is constantly taught;

(ii) that the school has a cooperative program where students go to school and also work in industry;

(iii) that the school has a placement program for its students; and

(iv) that in the area of the school, industry has clearly demonstrated

to the school authorities its preference for shorter hair in hiring for industrial employment.

■ The issue for decision is whether or not the defendants have satisfied the burden imposed upon them by Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970) to show a countervailing interest sufficient to justify an intrusion into the area of a constitutionally protected right, the court in *Richards* having found the right of an individual to wear his hair as he pleases to be a constitutionally protected right (though not such an important right as to require a "compelling interest" to justify its infringement).[2] This memorandum and the facts set out in the court's memorandum of January 12, 1973 shall constitute the findings of fact and conclusions of law required by Rule 52 Fed.R.Civ.P.

## I

■ The court emphasizes at the outset that mere student participation in the adoption of the code does not in any way alter the burden of the defendants. Arnold v. Carpenter, 459 F.2d 939, 943 (7th Cir. 1972).[3] With that in mind, the court turns to the reasons proffered by the defendants for their intrusion into a protected area.

■ First, the defendants claim that because the school is a vocational school, which uses machinery and equipment into which long hair could become entangled, the hair code is therefore justified as a safety regulation. This argument might have greater force were it not for paragraph five of the code. Indeed, even in the absence of paragraph five, it

2. Other circuits are split on the matter of the constitutional right of a student to wear his hair as he pleases. The First, Third, Fourth, Seventh and Eighth Circuits have recognized the right, but differ as to its source. The Fifth, Sixth, Ninth and Tenth Circuits do not recognize any such constitutional right and, accordingly, have not required a balancing of rights of the individual against the needs of the States. The latter circuits have, therefore, regularly upheld regulations limiting the length and style of hair. *See* Arnold

v. Carpenter, 459 F.2d 939 at n. 5 (7th Cir. 1972) for the individual cases and Gere v. Stanley, 453 F.2d 205 (3rd Cir. 1971).

3. Also, it is stipulated that even before the students adopted or accepted the present hair code, there had been a similar code promulgated by the school alone. Further, it is not clear that the students had the option of choosing not to have any hair code whatsoever.

**1272**

seems questionable whether the code could be justified primarily as a safety regulation in view of the fact that hair nets or other protective devices could still be made available, Massie v. Henry, 455 F.2d 779, 783 (4th Cir. 1972). *See also* Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972). Nevertheless, here, where the school makes provisions in the code itself for specific safety measures, the defendants' safety justification for suspension or expulsion for code violation must be viewed as tenuous.

## II

■ The defendants' second justification for the code is that the neat appearance and grooming of the student body enhances the image of the school and its students among prospective employers and thereby furthers the employment opportunities of the students upon graduation. Indeed, counsel for the plaintiff has agreed in the stipulation that the prospective employers, at least in the area of the school, have demonstrated their preference for shorter haired individuals. Thus the facts of this case are very nearly similar to the facts of Farrell v. Smith, 310 F.Supp. 732 (D.C.Me. 1971).

In *Farrell* the court recognized the right of an individual to choose his own hair style, citing Richards v. Thurston, *supra.* The defendant in that case, as the school here, was a vocational school, and there the court noted that state vocational school authorities "are entitled to make and enforce reasonable regulations for maintaining an effective school system . . . unless their action is so arbitrary . . . as to constitute a significant encroachment upon a personal liberty". *Farrell, supra* at 737. In that case the court also found, after hearing testimony from both school authorities and prospective employers, that the defendant school had met its "substantial burden of justification" of the hair code, which resembles for all practical purposes the code before the court here. Unless this court is to disagree

altogether with the district court's conclusion in *Farrell*, there is no factual basis for distinguishing the two cases. Plaintiff has not argued that the code is not reasonably related to the accomplishment of the objective proffered as the code's justification. Rather, plaintiff argues only that *Farrell* is bad law, and no longer applicable in view of Richards v. Thurston, *supra.* Such an argument must fall, for not only was *Farrell* decided after *Richards*, but the opinion in *Farrell* was based on a reasoned analysis of *Richards*.

Finally, like the court in *Farrell*, this court is not asked to say whether the hair code here represents wise or good policy. Rather, the court is asked to find the code unconstitutional. Since justification for the code is shown to bear a rational relation to a legitimate interest in maintaining a vocational school, and, finding the reasoning of *Farrell* persuasive, the court is satisfied defendants have met the burden of justification imposed upon them.