SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

August 29, 2017

Michael P. Kelly, Esquire
Daniel J. Brown, Esquire
McCarter & English, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, LLC
1201 North Orange Street, 7th Floor
Wilmington, DE 19801

Karen V. Sullivan, Esquire
Wilson B. Davis, Esquire
New Castle County Office of Law
87 Reads Way
New Castle, DE 19720

> **RE:** *Grimaldi v. New Castle County, et al.*
> **C.A. No: N15C-12-096 (ESB)**

Dear Counsel:

There are three matters outstanding – Damages, Amendments to the Pleadings and Discovery.

### Damages

After reviewing all of the authorities cited by the parties on the issue of whether Grimaldi may seek compensatory damages for his stigma-plus claim, I have concluded that he may do so. Grimaldi cited a number of cases that, at the very least,

contemplated an award of compensatory damages for a stigma-plus claim.[1]  I did not view the Defendants' cases as prohibiting compensatory damages in all circumstances for a stigma-plus claim.[2]  The Defendants' best argument is that a timely and properly conducted name-clearing hearing would defeat Grimaldi's claim for compensatory damages.  However, that never happened here.  Grimaldi was terminated on October 29, 2015.  Grimaldi was not given a new name-clearing hearing.  The trial of this matter is scheduled for July 16, 2018.  Assuming that Grimaldi prevails at trial, I do not believe that a name-clearing hearing given nearly three years after Grimaldi's termination would be considered timely.

### The Pleadings

Grimaldi seeks to amend his complaint by adding (1) a new paragraph 36 alleging that Gordon has continued to publicly malign Grimaldi after his termination, and (2) new paragraphs 57-60 making it clear that Gordon is being sued in his

---

[1] *McGhee v. Draper*, 639 F.2d 638 (10th Cir. 1981); *Ersek v. Town of Springfield,* 102 F.3d 79 (3rd Cir. 1996); *Patterson v. City of Utica*, 370 F.3d 322 (2d Cir. 2004); *Warren v. City of Junction City, KS*, 207 F.Supp.2d 1216 (D. Kan. 2002); *Rehberg v. Paulk*, 611 F.3d 828 (11th Cir. 2010), *aff'd,* 566 U.S. 356 (2012); *Torrey v. New Jersey*, 2014 WL 941308 (D.N.J. March 11, 2014); *Potter v. Board of Regents of the University of Nebraska*, 844 N.W.2d 741 (Neb. 2014); *Zueck v. City of Nokomis*, 513 N.E.2d 125 (Ill.App. 1987); *Donato v. Plainview-Old Bethpage Central School District*, 96 F.3d 623 (2d Cir. 1996).

[2] *Board of Regents if State Colleges v. Roth*, 408 U.S. 564 (1972); *Paul v. Davis,* 424 U.S. 693 (1976); *Codd v. Velger*, 429 U.S. 624 (1977); *Siegert v. Gilley*, 500 U.S. 226 (1991).

2

individual capacity and that the defense of qualified immunity is not available to him. I will deny Grimaldi's request to add a new paragraph 36. The alleged public comments can not be a part of Grimaldi's stigma-plus claim because they were not made contemporaneously with his termination.[3] Thus, they are of no relevance. I will grant Grimaldi's request to add new paragraphs 57-60. The Defendants will not be prejudiced by Grimaldi's clarification of the nature of the damages that he is seeking from Gordon.

## Discovery

I denied Grimaldi's request to obtain documents related to alleged corruption in New Castle County, concluding that they were not relevant to the merits of Grimaldi's claim. I instead only ordered the Defendants to produce documents related to Gordon's statement about Grimaldi trying to get out of a traffic ticket.

Grimaldi argues that the other documents support his claim for punitive damages. Grimaldi's theory is that he was fired because he had uncovered corruption in New Castle County. Grimaldi argues that firing him for that reason and defaming him in the process and continuing to publicly malign him after he was terminated support his claim for punitive damages. In a §1983 action a jury may be permitted to assess punitive damages when the defendant's conduct is shown to be motivated

---

[3] *Patterson*, 370 F.3d 322 (2d. Cir. 2004).

3

by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.[4] Grimaldi cites *Feldman v. Philadelphia Housing Authority*[5] and *Bradley v. Ramsey*[6] for his proposition that punitive damages are available where government officers defame an employee as a retaliatory measure. However, Grimaldi is in a far different situation than the employees in *Feldman* and *Bradley*. Those employees were fired for exercising their constitutionally protected free speech rights. Grimaldi was an at-will employee who could be fired for any reason or no reason at all. Thus, unlike the other employees, Grimaldi had no constitutionally protected interest in his job and he can not recover his job, making the reason that Gordon fired Grimaldi irrelevant. Moreover, Grimaldi's stigma-plus claim is based upon what Gordon said about Grimaldi when he fired him. There is a video of the traffic stop involving the Elsmere police officer and Grimaldi. That video will either support Gordon's statement that Grimaldi was trying to get out of a traffic ticket or not. Gordon's post-termination comments can not be a part of Grimaldi's stigma-plus claim because they were not made contemporaneously with

---

[4] *Smith v. Wade,* 461 U.S. 30 (1983).

[5] 43 F.3d 823, 824 (3d Cir. 1994).

[6] 329 F. Supp. 617 (W.D.N.C. 2004).

Grimaldi's termination.[7]  Grimaldi's request for  documents about corruption in New Castle County and Gordon's post-termination comments about Grimaldi remain denied.

IT IS SO ORDERED.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
oc:   Prothonotary

---

[7]  *Patterson,* 370 F.3d 322 (2d. Cir. 2004).